**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RACHELLE RIDOLA,<br><br>Plaintiff,<br><br>v.<br><br>INGRID CHAO, et al.,<br><br>Defendants. | Case No. 16-cv-02246-BLF<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>[Re: ECF 36] |

Before the Court is Plaintiff Rachelle Ridola ("Ridola")'s motion for leave to file a first amended complaint ("FAC") adding allegations directed to accessibility barriers identified during the joint site inspection. Mot. 2, ECF 36-1. The time to oppose the motion has elapsed and no opposition has been filed. Pursuant to Civ. L.R. 7-1(b), the Court finds Ridola's motion for leave to amend suitable for submission without oral argument and hereby VACATES the hearing scheduled for October 26, 2017. As set forth below, the Court finds that the factors weigh in favor of granting leave and hereby GRANTS the motion.

**I. BACKGROUND**

Ridola brings this suit against Ingrid Chao and Nelson Chao (collectively, "Defendants"), d/b/a Executive Inn-Morgan Hill ("Motel"), for allegedly failing to make the Motel and its parking lot accessible to all customers regardless of disability. Compl., ¶¶ 1-2, ECF 1. The complaint was filed on April 25, 2016. Mot. 2. The joint site inspection was conducted on August 5, 2016. *Id.*; Ex. B to Mot. Ridola avers that the joint sit inspection report identified 46 accessibility barriers related to her disability. *Id.*; Mot. 2.

The parties attended a court-sponsored mediation on December 20, 2016 and a settlement conference held by Magistrate Judge Nathaniel Cousins on May 6, 2017. Mot. 2. However, no

1  settlement was reached.

On March 23, 2017, the parties appeared for an initial case management conference and the Court subsequently issued a scheduling order, setting the last day to amend the pleadings 60 days from the date of the order – May 22, 2017.

On May 9, 2017, Ridola asked Defendants to stipulate to the proposed FAC but Defendants did not respond to the request. *Id.* at 3. Ridola then filed the instant motion on May 22, 2017. Mot.

## II. LEGAL STANDARD

Where, as here, a party moves to amend its pleadings on or before the deadline to amend the pleadings, a motion for leave to amend is evaluated under Rule 15. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

The factor of "repeated failure to cure deficiencies by amendment" does not apply here because this would be the first amendment of the complaint. However, the Court finds that the remaining factors weigh in favor of granting leave to amend for reasons set forth below.

### A. Undue Delay; Bad Faith or Dilatory Motive

Ridola argues that even if there has been some delay in seeking leave to amend, the delay is not undue and she is seeking this amendment in good faith. Mot. 5. Specifically, Ridola first

2

1  attempted to resolve the case during the December 20, 2016 mediation and later during the May 6,
2  2017 settlement conference. *Id.* Ridola avers that she was under a good faith belief that a
3  settlement would be forthcoming and so believed that amending the complaint would be
4  unnecessary and premature. *Id.* Moreover, Ridola claims that the amendment does not add new
5  legal theories or additional defendants but would only allege additional barriers identified in the
6  joint site inspection report. *Id.* at 6.

The Court finds neither undue delay nor bad faith on Ridola's part. Although Ridola could have sought an amendment earlier, she had a good faith belief that there was no need to incur additional attorney's fees in connection with an amendment of the complaint given a forthcoming settlement. Such circumstances do not make the delay necessarily undue. There is also no demonstration of bad faith. The proposed amendment would only be directed to the newly identified barriers, which Ridola did not pursue earlier only because she thought the case would settle. The Court thus finds that there is no undue delay or bad faith. Nonetheless, even if the delay was substantial, this factor alone is not a sufficient ground for denial of leave to amend. *E.g.*, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (noting that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"); *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511-12 (9th Cir. 1991) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion") (citation omitted).

### B. Undue Prejudice to Defendants

Ridola contends that Defendants cannot carry the burden of showing prejudice because the amendment does not include new causes of action or a new party. Mot. 4. Ridola further underscores that neither party has served written discovery or conducted any deposition and the discovery cut-off is not until October 31, 2018. *Id.*

"The party opposing amendment bears the burden of showing prejudice," but in the absence of an opposition, Defendants have failed to do so here. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Moreover, the initial complaint has provided notice to Defendants that Ridola would amend the complaint when additional barriers are identified during

3

1  the joint site inspection. *See* Compl. ¶ 17. Defendant Nelson Chao was also informed during the

2  case management conference on March 23, 2017 that Ridola intended to amend her complaint.

3  Karbelashvili Decl. ¶ 7, ECF 36-2. Given the lack of opposition and the notice of a possibility of

4  a forthcoming amendment, the Court finds that the proposed amendment would not pose undue

5  prejudice to Defendants.

### C. Futility of the Amendment

Ridola contends that the proposed amendment is not futile because she has the right to pursue an injunction to remove all barriers and that the additional allegations are necessary to give Defendants fair notice of every barriers that should be removed. Mot. 6-7.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

The Court finds that the proposed amendment is not futile. The Ninth Circuit has held that "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950-51 (9th Cir. 2011) (citation omitted). "[I]in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (finding that accessibility barriers listed only in an expert report failed to provide a fair notice to the defendant if they were not listed in the complaint). Since Ridola could pursue an injunction as to all barriers that she could encounter, the proposed amendment related to the additional barriers is not futile.

### IV. ORDER

For the foregoing reasons, the Court GRANTS Ridola's motion for leave to amend the complaint, as set forth in Exhibit A of this motion. Ridola shall file the FAC attached to its

4

motion as Exhibit A, ECF 36-3, as a separate docket entry on or before June 30, 2017.

Dated: June 22, 2017

_____
BETH LABSON FREEMAN
United States District Judge